816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INDIAN HEAD MINING COMPANY, Petitioner,
v.
Harold GODSEY; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 86-3392.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1987.
 
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The Indian Head Mining Company petitions for review of the Benefits Review Board decision assigning it liability for the Black Lung Benefits due a former employee. The Director now moves to release the petitioner from liability, dismiSS this appeal as moot and remand the case with instructions that the Board vacate its prior refusal to transfer liability to the Black Lung Disability Trust Fund. The petitioner has informed this Court that it has no objection to these motions.
 
 
 2
 The petitioner's former employee applied to the Social Security Administration for Black Lung benefits, but his claim was rejected. Subsequently, the Department of Labor granted the miner's claim for Black Lung benefits under Section 435 and designated the petitioner as the responsible operator liable for the payment of those benefits. The petitioner then appealed an order of an Administrative Law Judge affirming the Department of Labor to the Benefits Review Board, arguing that intervening amendments to the Black Lung Benefits Act, 30 U.S.C. 901, required imposition of liability on the Trust Fund.
 
 
 3
 The 1981 Amendments provide for the transfer of liability from a responsible operator to the Trust Fund of any benefits that were the subject of a claim filed with and denied by the Social Security Administration before March 1, 1978 and upon which benefits were approved following election of review under Section 435. 30 U.S.C. 932 (c), 902 (i)(1); 20 C.F.R. 725.496 (a),(b)(1). Because this provision is clearly dispositive of the instant claim,
 
 
 4
 It is ORDERED that the motion to transfer liability to the Trust Fund, dismiss the appeal as moot, and remand is granted. The Benefits Review Board decision with respect to transfer of liability is vacated and this action is remanded to the Board with instructions that it be remanded to the Office of Workers' Compensation Programs for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.